**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4499**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TAQUAN JONES,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:16-cr-00420-LCB-1)

Submitted:  January 29, 2018      Decided:  February 5, 2018

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taquan Jones pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Jones to 57 months' imprisonment, the top of the 46- to 57-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Jones' sentence is greater than necessary to accomplish the sentencing goals enumerated in 18 U.S.C. § 3553(a) (2012). Although advised of his right to do so, Jones has not filed a pro se supplemental brief. The Government declined to file a brief. After a thorough review of the record, we affirm.

We review Jones' sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 208 (2017). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, failing to consider the § 3553(a) factors, selecting sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we must also consider the substantive reasonableness of Jones' sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383

2

(4th Cir. 2014) (internal quotation marks omitted).  A sentence must be "sufficient, but not greater than necessary," to accomplish the goals set forth in 18 U.S.C. § 3553(a). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors."  *Id.*

Here, the court correctly calculated Jones' advisory Guidelines range, heard argument from counsel, provided Jones an opportunity to allocute, and considered the § 3553(a) sentencing factors.  We conclude that Jones' within-Guidelines sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court.  In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal.  This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jones.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*